Carmine A. LOPRESTI, Individually, and in his fiduciary capacity under the Employment Retirement Security Act of 1974, under the Lutheran Medical Center § 403(b) Tax Sheltered Annuity Plan, Plaintiff–Appellant,

v.

CITIGROUP INC., Wendy Z. Goldstein, Miles H. Kucker, Allen Schechter, Howard Smith, William D. Myhre, Don Goldstein, State Street Corp., Citistreet Associates, LLC, Citistreet Equities, LLC, Citistreet Financial Services, LLC, Travelers Insurance Company, Buck Consultants, Buck Consultants, Inc., Lutheran Medical Center, Mayda Casado, Jean Desjardins, Jim Wilson, Smith Barney Corporate Trust Company, Individually, and in their fiduciary capacities under the Employment Retirement Income Security Act of 1974, David A. Spina, Sanford I. Weill, Salomon Smith Barney, Inc., Citistreet, LLC., Defendants–Appellees,

Citistreet, Copeland Associates, Inc., Defendants.

No. 05–0609–CV.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Henry M. Grubel, Freeport, NY, for Plaintiff–Appellant.

David J. Lender (Peter S. Hageman, Gregory S. Coleman, Edward C. Dawson, on the brief); Weil Gotshal & Manges LLP, New York, NY, for Defendants–Appellees Citigroup and State Street.

David M. Covey; Sedgwick, Detert, Moran & Arnold, LLP, New York, NY, for Defendants–Appellees Buck Consultants and Buck Consultants, Inc.

Michael H. Ference; Sichenzia Ross Friedman Ference LLP, New York, NY, for Defendants–Appellees Lutheran Medical Center, Wendy Z. Goldstein, Miles H. Kucker, William D. Myhre, Allen Schechter, and Howard Smith.

PRESENT: Hon. PIERRE N. LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,[*] Chief District Judge.

## SUMMARY ORDER

Plaintiff–Appellant, Carmine A. LoPresti ("LoPresti"), appeals from the January 18, 2005 and the April 18, 2005 judgments of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., District Judge), dismissing LoPresti's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Familiarity with the record below and issues on appeal is presumed.

We review a Rule 12(b)(6) dismissal *de novo. United States v. City of New York*, 359 F.3d 83, 91 (2d Cir.2004). Dismissal under Rule 12(b)(6) is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001).

The district court dismissed all of the plaintiff's federal claims under the Employment Retirement Income Security Act ("ERISA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as the antitrust claims under the Sherman Antitrust Act and the Clayton Act ("antitrust claims"). The district court then declined to exercise supplemental jurisdiction over the plaintiff's state law claims.

To recover on his ERISA claims, Appellant was required to establish that he was a fiduciary of an ERISA plan and that he and the defendants were co-fiduciaries of the same plan in which the violations are alleged to have occurred. *See* 29 U.S.C. § 1105(a); *Modern Woodcrafts, Inc. v. Hawley*, 534 F.Supp. 1000, 1014 (D.Conn. 1982). We agree with the district court that "even if Plaintiff were found to be the fiduciary of some ERISA plan, his plans are not the 'same plan[s]' as Defendants' § 403(b) and § 401(k) plans, as required by 29 U.S.C. § 1105(a)." Accordingly, the court below correctly dismissed Plaintiff's ERISA claims.

To prevail on his antitrust claims, Appellant would have to show an effect on the market that could constitute an antitrust injury. *Balaklaw v. Lovell*, 14 F.3d 793,

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation

797–98 (2d Cir.1994). The complaint failed to allege facts that could satisfy this requirement.

"To state a claim for damages under RICO, a plaintiff ... must [allege]: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir.1990). For essentially the reasons discussed by the district court, we find that Appellant also failed to state a claim under RICO upon which relief can be granted

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims once it had dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). *See Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998); *Castellano v. Bd. of Trs.*, 937 F.2d 752, 758 (2d Cir.1991).

We have considered petitioner's remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is hereby affirmed.